### In Re VOLKSWAGEN AND AUDI WARRANTY EXTENSION LITIGATION

**Carol Carter v. Volkswagen Of America, Inc. C.D. California, C.A. No. 2:06-2397**

**Eric Becker v. Volkswagen Of America, Inc., M.D. Florida, C.A. No. 6:06-364**

**Mildred Kasten v. Volkswagen Of America, Inc., S.D. Illinois, C.A. No. 3:06-285**

**William Cohen v. Volkswagen Of America, Inc., E.D. Pennsylvania, C.A. No. 2:06-1310**

**No. 1790.**

Judicial Panel on Multidistrict Litigation.

Aug. 29, 2006.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of one action pending in each of the following districts: the Central District of California, the Middle District of Florida, the Southern District of Illinois, and the Eastern District of Pennsylvania.[1] The parties jointly move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in either the Southern District of Illinois or the Eastern District of Pennsylvania. Plaintiffs in all actions support transfer to the former district, while defendant Volkswagen of America, Inc. (Volkswagen) supports transfer to the latter district.

■ On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative statewide class actions that share factual questions concerning the propriety of Volkswagen's August 2004 warranty extension/reimbursement program regarding the 1.8 liter turbocharged engines installed on approximately 462,000 Volkswagen and Audi brand vehicles. Plaintiffs bring various state common law claims such as breach of contract

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr.,** KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

* In light of the fact that Judge Motz could be a member of a putative class in this litigation, he has filed with the Clerk of the Panel a formal renunciation of any claim that he may have as a putative class member, thereby removing any basis for a disqualification of Judge Motz on that ground.

** Judge Miller did not participate in the decision of this matter.

1. The Panel has been notified of an additional related action pending in the District of New Jersey. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

and unjust enrichment, in addition to claims under state statutory law concerning consumer fraud or unfair and deceptive trade practices. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ We are of the view that the District of Massachusetts is an appropriate transferee forum for this docket. By centralizing this litigation before Judge Joseph Tauro, we are assigning this litigation to a jurist who has both the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph Tauro for coordinated or consolidated pretrial proceedings.